GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

0.459 ACRES OF LAND CONSISTING OF THE FOLLOWING: PARCEL NO. 6A ESTATE THOMAS Civil No. 855/1992 INGS QUARTER AND PARCEL NO. 9A, ESTATE THOMAS VIRGIN ISLANDS; LONG BAY TRUST; BAYARD MOTORS, HARD LAVA PRINTING MILES HARWOOD & ERIC LAVASSEUR, SURF CLUB/FABULOUS PROPERTIES-SANDY HALLIDAY, BOUTIQUE MAYA - WALTER SMITH, ISLAND RIGGING - JAMES GALLAGHER, UNDERWATER SERVICES, JEAN ARCHI, UNKNOWN OWNERS ACTION FOR CONDEMNATIONAND ALL OTHERS CLAIMING AN INTEREST HEREIN, Defendants

BARRY BROWN AND JOLLIE STAHL AS THEY ARE TRUSTEES OF THE LONG BAY TRUST, Third Party Plaintiffs

v.

LEO FRANCIS, AS HE IS THE COMMISSIONER OF THE DEPARTMENT OF PUBLIC WORKS AND DELMA G. HODGE, AS SHE IS THE COMMISSIONER OF THE DEPARTMENT OF PROPERTY AND PROCUREMENT OF THE GOVERNMENT OF THE VIRGIN ISLANDS OF THE UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE VIRGIN ISLANDS OF THE UNITED STATES OF AMERICA, Third Party Defendants

Civ. No. 855/1992

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 23, 1999

85

Robert W. Bornholt, Esq., Assistant Attorney General Department of Justice, St. Thomas, Virgin Islands, *for plaintiff*

Richard A. Dollison, Esq., St. Thomas, V.I., *for defendants*

Morris M. Goldings, Esq.

SWAN, *Judge*

## MEMORANDUM OPINION

Before the Court is Defendant Long Bay Trust's ("the Trust") Motion Seeking Confirmation of the Arbitrator's Award. For the reasons which follow, and particularly because of the language in Title 28 § 422(c)of the Virgin Islands Code, the Arbitrator's Award will be confirmed.

## FACTS

During one of the hearings in the District Court, and before the United States Third Circuit Court of Appeal's Decision which instructs that this case be adjudicated in the Territorial Court, the parties' attorneys attended a pre-trial conference, with the District Court's Magistrate. At the conference the issue of resolving the dispute between the Government of the Virgin Islands ("Government") and the Trust was discussed. Specifically, the pivotal issue for resolution was how much the property owners of Parcel nos. 6A and 9A Estate Thomas King's Quarter, St. Thomas, Virgin Islands should be awarded as just compensation for their properties which were condemned by the Territorial Government. During the ensuing discussion, the parties' attorneys agreed, by stipulation, to submit the disputed issue to binding arbitration. Subsequently, the matter was arbitrated. Both the Government's and the

Trust's representatives and attorneys participated in the arbitration.

After the arbitration hearing, the arbitrator issued his decision in which he awarded The Trust Two Million, Eight Hundred Ninety-One Thousand, One Hundred Fifty-Eight Dollars ($2,891,158.00) as compensation for its interest in the properties condemned by the Government through eminent domain. The Government now stridently objects to the amount of the award. The Government asserts that the assistant attorney general who agreed to submit the matter to arbitration exceeded his authority, or had no authority to agree to the arbitration. The Government also states that because the funds to pay the arbitrator's award had not been appropriated in advance of the arbitrator's award, nor had such funds to pay the award been authorized by law, the Government has no legal obligation to pay the award. (*see* V.I. CODE ANN. Tit. 33 § 3101. Alternatively, the Government contends that under the circumstances, the arbitrator's award must be declared void and vacated. For the reasons which follow, the arbitrator's award will be confirmed.

## ISSUE

Whether in a pending condemnation case, the Government of the Virgin Islands can agree to, and engage in, binding arbitration to determine the amount of compensation to be awarded the property owner, which amount of compensation is in advance of a specific Legislative appropriation to pay the award. The answer is yes.

## ANALYSIS

Essentially, The Trust has filed a motion to confirm the arbitrator's award in its favor. The Government has strenuously objected to the motion, asserting that the assistant attorney general who agreed to submit the resolution of this matter to arbitration had no authority to enter into an agreement to arbitrate the matter. The Government further asserts that pursuant to V.I. CODE ANN. Tit. 33

§ 3101[1] the assistant attorney general was precluded from entering into an agreement to arbitrate the amount of compensation due the property owners, because an assistant attorney general cannot legally obligate the Government to pay money in advance of an appropriation. Section 3101 provides in pertinent part:

> ". . . nor shall any such officer or employee involve the government in any contract or obligation for the payment of money for any purpose, in advance of appropriations made for such purpose, unless such contract or obligation is authorized by law."

The above language can further be reduced to its pertinent language to read;

> ". . . nor shall any officer or employee involve the government in any . . . obligation for the payment of money . . ., in advance of appropriations . . . unless such obligation is authorized by law."

The question is whether the Government's obligation to pay the landowners just compensation for their properties which the Government has condemned is authorized by law. If the obligation to pay the property owners for their properties is authorized by law, Government employees and officers could obligate the Government to pay in advance of an appropriation. Undeniably, the Government does have an obligation to pay compensation for property it condemned, which is authorized by the Law.

Our local law follows the Federal Law on the issue of condemnation. For example, The Fifth Amendment to the United States Constitution, which deals with condemnation of private property, states in pertinent part: ". . .; nor shall private property be taken for public use without just compensation." The Fifth Amendment is explicitly encoded in Section 3 of the Revised Organic Act of

---

[1] V.I. CODE ANN. Tit. 33 § 3101. **Expenditure or contracts in excess of appropriation.** No officer or employee of the Virgin Islands shall make or authorize an expenditure from or create or authorize an obligation under, any appropriation or fund in excess of the amount available therein; nor shall any officer or employee involve the government in any contract or obligation for the payment of money for any purpose, in advance of appropriations made for such purpose, unless such contract or obligation is authorized by law.

1954 as amended; therefore, it is applicable in the Virgin Islands. However, the Court is cognizant that it is the Virgin Islands Government and not the Federal Government that condemned the Trust's properties. The Court, however, is mindful of Section 3 of the Revised Organic Act of 1954 as amended ("ROA") which provides, in the "Bill of Rights" as follows:

"Private Property shall not be taken for public use except upon payment of just compensation . . . ."

Locally, there is statutory law which authorizes the obligation to pay the land owners in this case. For example, 28 V.I.C. 421(a)(5)[2] provides in pertinent part:

". . . , and the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceedings and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of six per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment. . . ."

■ Accordingly, because there is an obligation to pay the award as authorized by law, the obligation to pay can be incurred in

---

[2] "(5) A statement of the sum of money estimated by said acquiring authority to be just compensation for the property taken.

Upon the filing of said declaration of taking and deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the property in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall best in the Government of the United States Virgin Islands, or in the department, agency, bureau or instrumentality thereof, which may have been authorized to seek the condemnation, and such property shall be deemed condemned and taken for the use of the Government of the United States Virgin Islands, or the department, agency, bureau or instrumentality thereof involved, as the case may be, and the right to just compensation for the same shall best in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of six per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid in to the court. No sum so deposited and paid into the court shall be subject to any charge for commission, deposit or custody."

advance of an appropriation. The parties are reminded that long before the agreement to arbitrate, and the arbitration, that the Government, pursuant to 28 V.I.C. 421, had acquired fee simple title to the Trust's property by an "early taking of title." (see the Court's September 1, 1992 order).

Importantly, the statute only states **"judgment"**, presumably a court judgment. Whether the amount is finally determined by settlement between the litigants, or by either mediation or arbitration, all within the lawsuit, the amount will be reduced to a court judgment and, therefore, authorized by law to be paid in advance of an appropriation. Civil lawsuits, such as this case, come to final resolution by a judgment.

The arbitration expressly dealt with the issue of what constituted just compensation to the landowners for property the Government took by condemnation, including an "early taking" of the property as provided under Virgin Islands law. Accordingly, when the Government condemned the Trust's property, the obligation to pay became vested, and was simultaneously authorized by law as provided in Section 3 of the ROA and by § 421(5) *supra*.

The Government has cited a plethora of cases for the proposition that the assistant attorney general had no authority to enter into a stipulation to arbitrate. The cases cited by the Government can all be distinguished from this case, because they do not address the issue in the context of a pending lawsuit for condemnation of property and the applicable law. To posit this case, it is not a case involving the government's contracting procedures for the purchase of supplies, materials, equipments, nor for contractual or personal services, nor for the sale of personal property. *see* V.I. CODE ANN. Tit. 31 §§ 232; 236. This case does not involve any government contracting officer, including the Commissioner of Property and Procurement. Likewise, this case does not involve litigation concerning a labor agreement nor a contract, oral or written, for services, personal or otherwise, which has an arbitration provision in the contract. Similarly, this case does not concern a contract for construction of projects, for architectural services or for other kinds of service. Accordingly, it may very well be that the context of this case involves a narrow, but novel, issue.

Crucially, the arbitrator's award emanated from a pending lawsuit, or an attempt to resolve a pending lawsuit, and not from

a contract executed by the Government for services, personal or otherwise, nor for goods, supplies or materials, all of which commonly involve the specific appropriating of funds to honor such obligations.

Importantly, this Court has witnessed the resolution and settlement of cases, other than by trials, in which the Government was a party. These cases were settled well in advance of appropriations to pay the companion judgments. For example, this Court has handled innumerable cases filed against the Government of the Virgin Islands pursuant to the Virgin Islands Tort Claim Statute. (V.I.CODE ANN. Tit. 33 § 3409 *et. Seq.*) Many of these cases have been resolved pursuant to consent judgments and settlements by the parties' attorneys, including assistant attorneys general. These settlements have been negotiated and approved by Department of Justice's attorneys in advance of any legislative appropriation to pay the companion judgments. Indeed, from the time of the enactment of the Tort Claim Statute, tort claims cases have been settled, judgments entered, and subsequently appropriation bills were forwarded to the Legislature by the then Governors, seeking an appropriation with which to pay the judgments. This practice is still in effect today.[3] These settlements, which obligate the Government to pay, or to expend funds from the Treasury, are all consummated in advance of an appropriation by the Virgin Islands Legislature. Therefore, is the Government prepared to assert that in all those cases over the past two and one-half decades that the appropriations and payments in those cases were unlawful or constitute illegal conduct by government officials and attorneys? If the Government is prepared to suggest that the settlement of the tort cases in advance of an appropriation were obligations authorized by law pursuant to the Tort Claim Statute (V.I.Code Ann. Tit. 33 § 3401, *et seq.*), the same rationale would apply in condemnation cases. (28 V.I.C. 422).

By analogy, Local Court Rules provide for the resolution of court cases by mediation. *see* LR *Ci* 3.2. The Government has consistently and continuously utilized and availed itself of this form of case

---

[3] The practice predates when this Court was the Attorney General of the Virgin Islands in the late 1970's.

resolution when being represented by its attorneys at the Department of Justice. All mediations in those cases which have resulted in a final resolution or settlement of the cases have been in advance of a legislative appropriation. Neither the Government nor its attorneys have ever objected to the mediation procedure. The mediation procedure has some similarities with the procedures employed in settlement discussions between the parties to a lawsuit and to the procedure utilized in resolving cases by binding arbitration.

This Court knows of no other case in which the Government has ever raised the issue of an assistant attorney general not being authorized to agree to mediate or arbitrate a pending lawsuit. Thus, for the Government to raise the issue in this case when it perceives the arbitrator's award as being exorbitant, is unabashedly suspect.

■ The assistant attorney general who agreed to arbitrate the dispute was statutorily empowered to appear in this case on behalf of the Government. (*see* V.I. CODE ANN. Tit. 3 § 114(1); (5)). Inherent in the authorization to represent the Government, and its departments and agencies before Virgin Island Courts, is the authority to settle cases by arbitration, by mediation, or by settlement. Assistant Attorneys General are the duly authorized representatives and agents of the Government in pending cases in which they appear. This Court is unaware of any case involving the Department of Justice or the assistant attorney general assigned to this case, in which either of them unequivocally disavowed the authority of either of them to participate in arbitration before, or during, the arbitration process. To the contrary, the Department and the assistant attorney general have participated in the arbitration.

Nothing in the unambiguous language of section 3101 *supra*, addresses the issue of settlement, arbitration or mediation. Moreover, there is a logical and common-sensical reason why it does not. Considering the nature of litigation, it is virtually impossible to appropriate funds in advance of a court judgment, or court settlement, when the exact amount to be paid will be determined either by trial, by settlement, or by another form of case resolution at a date subsequent to the filing of the lawsuit.

This case involves condemnation. The very nature of the proceedings does not contemplate that all the funds to compensate landowners would be appropriated in advance of a final resolution of the compensation issue. This concept was recognized by the local Legislature by its enactment of Title 28 § 422 of the Virgin Islands Code entitled, *"Payment of amount awarded in excess of deposit; interest; effect of judgment, on appeal, on recovery of interest; appropriations."* Importantly, § 422(c) is illuminating in that it contemplates the appropriation of funds to pay condemnation awards in advance of the final resolution of the compensation issue, irrespective of how it is resolved. Moreover, the funds to pay the arbitrator's award were appropriated in advance of the arbitration by § 422(c)[4] which states:

> "(c) The necessary sums to carry out the provisions of this section are hereby appropriated out of any funds in the General Fund of the Treasury of the Virgin Islands'

---

[4] § 422. **Payment of amount awarded in excess of deposit; interest; effect of judgment on appeal on recovery of interest; appropriations.**

(a) In any judgment rendered in a condemnation proceeding instituted under the provisions of this chapter by the Government of the United States Virgin Islands directly or on its behalf by any department, agency, bureau of instrumentality of the Government of the United States Virgin Islands, or any officer thereof, in which the amount determined by the Court as just compensation for the property or rights therein taken is greater than the amount deposited by the condemning entity in the court as just compensation for such property or rights therein, the Government of the United States Virgin Islands shall pay the amount of the difference between the sum thus deposited by the condemning entity and the sum that has been determined by the court s just compensation for said property or the rights therein, with interest at the rate of six per centrum per annum on such difference, to be computed from the date of the acquisition of such property or rights therein up to the date of the judgment of such difference; provided, that in such cases in which an owner or owners appeals from the judgment fixing the compensation, and upon said appeal the judgment is affirmed, or the compensation awarded reduced, the appellant shall not recover interest for the period of time comprised between the date of the filing of the appeal and until the judgment of the appellate court is final and unappealable.

(b) As soon as the judgment referred to in subsection (a) of this section is final and unappealable, the Commissioner of Finance of the Virgin Islands shall pay tot he owner or owners involved the amount of the difference specified in said subsection (a), with interest thereon, as therein specified, out of any funds I the General Fund of the Treasury of the Virgin Islands nor otherwise appropriated.

(c) The necessary sums to carry out the provisions of this section are hereby appropriated out of any funds in the General Fund of the Treasury of the Virgin Islands not otherwise appropriated, unless otherwise provided by law. — Added March 24, 1965, No. 1386 § 4, Sess. L. 1965, Pt. I, p. 123.

not otherwise appropriated, unless otherwise provided for by law."

■ The language in § 422(c) *supra*, is forthright, explicit and unambiguous. When subsections (a) and (b) of § 422 are read in conjunction, or in *pari materia*, with subsection (c), the compelling conclusion is that an appropriation to pay the arbitrator's award was appropriated from the date of the filing of this case. A plausible interpretation of Section 422(c) is that if the funds are not specifically appropriated by a separate legislative measure, ("unless otherwise provided for by law") the funds are automatically appropriated out of any funds in the General Fund in the Government's Treasury. The funds are already in the general fund of the Virgin Islands Treasury to pay the arbitrator's award. Therefore, the Government's reliance upon Section 3101 is misguided and specious.

The starting point for interpreting a statute is its plain language. *Mansell v. Mansell*, 490 U.S. 581, 588, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). Moreover, where the language of a statute is unambiguous, judicial inquiry is complete, except in rare instances. *Taylor v. Freeland and Kronz*, 938 F.2d 420 (3d Cir. 1991). *Licata v. United States Postal Service*, 33 F.3d 259 (3d Cir. 1994). Likewise, a statute means what its plain language says. *In re: Assets of Myles Martin*, 1 F.3d 1351 (3d Cir. 1993). The plain meaning of the language ? 420 supra leads to the unavoidable conclusion that the funds to pay the arbitrator's award have already been appropriated.

The Court reminds the parties that this case involves an early taking of title by the Government pursuant to the Court's September 1, 1992 order and pursuant to V.I. Code Ann. Tit. 28 § 420. The Government sought an early taking of title to the property, and, consistent with local law, the Government caused a portion of the compensation to the property owners to be deposited into the Court's registry. These are the precise circumstances contemplated by § 422(a) which would trigger subsection (c) *supra*.

■ In construing two statutes, the specific statute on the subject matter takes precedence over the general statute addressing the general circumstances. *Creque v. Luis*, 803 F.2d 92 (3d Cir. 1986); *In Re: Coastal Group, Inc.* 13 F.3d 81 (3d Cir. 1994); *National Labor*

*Relations Board v. A-Plus Roofing, Inc.*, 39 F.3d 1410 (9th Cir. 1994); *United States v. Louwsma*, 970 F.2d 797 (11th Cir. 1992), *cert. denied*, 113 S.Ct. 1383, 122 L.Ed 2d 759 (1993); *Vimar Seguros Y Reaseguros, S. A. V. M/V Sky Reefer*, 29 F.3d 727 (1st Cir.), *cert. granted*, 513 U.S. 1013, 115 S.Ct. 571, 130 L.Ed.2d 488, (1994), *affirmed*, 515 U.S. 528, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995); *United States v. Mohammed*, 27 F.3d 815 (2nd Cir.), *cert. denied*, 513 U.S. 975, 115 S.Ct. 451, 130 L.Ed.2d 360 (1994). In this case, there may appear to be a conflict between Sections 3101 *supra* and 422 *supra*. Section 422(c) *supra*, was enacted to address the specific issue of compensation in condemnation case; therefore, § 3101 *supra*, is inapplicable, because it has been superseded by Section 422(c) on the issue of compensation in condemnation cases.

The Court holds that the payment of an award to a landowner as compensation for the taking of its property by eminent domain is an obligation which is authorized by law, and for which the funds to pay the award have been appropriated. Section 3, Revised Organic Act of 1954, as amended and V.I. CODE ANN. Tit. 28 § 422.

In conclusion, the Government has no need to have funds appropriated to pay the award, because the funds were automatically appropriated, by statute, when this Court signed the order allowing an early taking of The Trust's properties by the Government. Accordingly, The Trust's motion to confirm the arbitrator's award is GRANTED.

DATED: February 23, 1999